NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANKY LEE WHITE, *Appellant.*

No. 1 CA-CR 15-0391
FILED 7-14-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400237
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Daniel DeRienzo, PLLC, Prescott Valley
By Daniel J. DeRienzo
*Counsel for Appellant*

------

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

------

**C A T T A N I**, Judge:

¶1        Franky Lee White appeals his convictions of theft, first degree trafficking in stolen property, and fraudulent schemes and artifices, and the resulting sentences.  White's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  White was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm White's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        White was hired by a Canadian corporation to make repairs on a manufactured home the company owned in Kingman.  The company wanted to sell the home, and company representatives told White that he could earn a finder's fee if he found a buyer.

¶3        White advertised the home on the internet, and he was subsequently contacted by a potential buyer.  White and the buyer negotiated a sales price of $17,500; the buyer wired the money to White's account, and some days later White signed a bill of sale and sent it to the buyer.  The bill of sale listed White as the seller of the home, and stated that "Seller warrants to Buyer that Seller is the legal true owner of the Manufactured Home and that Seller has the right to sell the home."  White did not tell the buyer that the Canadian corporation was the legal owner of the home.  White put the buyer in contact with a mover, and the buyer had the home transported to his property.

¶4        Months later, a neighbor contacted the Canadian corporation to complain about the "big hole blowing dust" after the home was moved.  The company called the police to report the missing home, and attempted to contact White to find out what was happening.  White did not return the

calls or emails. Subsequent investigation revealed that White had sold the home, and White was eventually arrested.

¶5        White was charged with theft (a class 3 felony), trafficking in stolen property, and fraudulent schemes and artifices (both class 2 felonies). At trial, White acknowledged he had received the money from the buyer and that he did not forward it to the company, but instead spent it. The jury found White guilty as charged. The court imposed concurrent terms of probation, the longest of which is seven years, including 150 days in jail, with credit for 15 days served.[1] White timely appealed.

## DISCUSSION

¶6        Having reviewed the record, we do not find reversible error. White was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded White all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. White's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.[2]

## CONCLUSION

¶7        White's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to White's

---

[1]        White notes that the court did not explicitly state whether the probation terms are concurrent or consecutive. At sentencing, however, the court's explanation that White would have seven years' probation total, with five for the theft and seven for the trafficking in stolen property and fraudulent schemes and artifices, made clear that the periods of probation are concurrent.

[2]        During sentencing, the court erroneously stated that if White violates probation, the court could "theoretically" sentence him to 33 or 34 years in prison, even though White was convicted by a panel of eight jurors. *See* Ariz. Const. art. 2, § 23 (requiring a 12-person jury for sentences of 30 years or more). But the court imposed probation, and any concern regarding a potential, hypothetical sentence will only become relevant if White violates probation and the court imposes a sentence beyond the allowable range for offenses tried before an eight-person jury.

representation in this appeal will end after informing White of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). White shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA